AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| United States of America | ) |
|---|---|
| v. | ) |
| | ) Case No. 3:19-mj-0016 DMC |
| ERICK STEVEN PEREZ | ) |
| | ) |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __December 22, 2018 to the Present__ in the county of __Glenn__ in the __Eastern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g) | Felon in possession of a firearm |

This criminal complaint is based on these facts:

(see attachment)

☒ Continued on the attached sheet.

_____
Complainant's signature

Christopher Bencken
FBI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 6-3-2019

_____
Judge's signature

City and state: Redding, California       Dennis M. Cota, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT OF FBI SPECIAL AGENT CHRISTOPHER BENCKEN

I, Christopher Bencken, being duly sworn, hereby depose and state:

### PURPOSE

1. This Affidavit is made in support of a complaint and arrest warrant for Erick Steven PEREZ, hereinafter E. PEREZ. As detailed below, I believe there is probable cause to believe that E. PEREZ has committed a violation of **18 U.S.C. § 922(g)** for felon in possession of a firearm in the Eastern District of California.

### AGENT BACKGROUND

2. I am a Special Agent with the FBI. I entered on duty at the FBI Academy in Quantico, Virginia on April 16, 2006. I am currently assigned to the FBI's Sacramento Division, Reno Resident Agency. I have been assigned to this office since 2016.

3. During the course of my employment as an FBI Special Agent, I have participated in numerous criminal investigations. I have also participated in numerous investigations involving the use of federal and state search warrants to collect evidence, including controlled substances, the seizure of narcotics-related records, and other types of evidence that document the activities of criminal organizations in both the manufacturing and distribution of controlled substances and weapons. To successfully conduct these investigations, I have utilized a variety of investigative techniques and resources including physical and electronic surveillance, various types of infiltration (including undercover agents, informants, and cooperating sources), pen register and trap and trace devices, GPS and telephone tracking devices, trash covers, mail covers, pole cameras, stationary video recording vehicles, audio and audio/video recording devices.

4. Through these investigations, my training and experience, and conversations with other agents and law enforcement personnel, I have become familiar with the methods used by organized criminal enterprises, drug trafficking organizations, and street gangs to smuggle and safeguard controlled substances and weapons, to distribute, manufacture, and transport controlled substances, and to collect and launder related proceeds.

5. In addition to the training I received at the FBI Academy, I have received specialized training in narcotics and prison-gang investigations from California state law enforcement agencies. This training has focused on topics such as drug interdiction, drug detection, money-laundering techniques and schemes, drug identification, asset identification and removal, gang classifications, gang politics, and methods utilized by gangs to carry out the aforementioned criminal conduct.

6. I am an "investigative or law enforcement officer" of the United States within the meaning of 18 U.S.C. § 2510(7), in that I am an officer of the United States empowered by law to conduct criminal investigations and make arrests for offenses enumerated in 18 U.S.C. § 2516.

7. Because this affidavit is submitted for the limited purpose of establishing probable cause for the requested search warrant, I have not included each and every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support probable cause.

8. This affidavit is based upon my own personal knowledge and the knowledge of other law enforcement officers involved in this investigation. Where I describe statements made by other people (including other special agents and law enforcement officers), the statements are described in sum, substance, and relevant part. Similarly, where I describe information contained in reports and other documents or records in this affidavit, this information is also described in sum, substance, and relevant part.

## STATEMENT OF PROBABLE CAUSE

9. On December 22, 2018, at approximately 6 p.m., Orland Police Department (OPD) Officer Brandon Draper was on duty in full uniform driving a marked Glenn County Sherriff's Office patrol vehicle. Officer Draper observed E. PEREZ driving a tan Chevrolet pickup truck northbound on County Road M, in the City of Orland, State and Eastern District of California. Officer Draper observed E. PEREZ fail to stop at a red light, a violation of section 21453(a) of the California Vehicle Code, and Officer Draper subsequently pulled E. PEREZ over on the corner of Walker Street and Woodward Avenue.

10. Officer Draper approached the truck and identified E. PEREZ through his California driver's license. As Officer Draper talked to E. PEREZ through t the driver's door window, Officer Draper smelled the distinct odor of marijuana coming from the vehicle. The OPD Officer inquired about the

smell and E. PEREZ told the Officer there was marijuana in the vehicle. E. PEREZ showed Officer Draper a box, which was sitting on the front passenger seat. E. PEREZ opened the box and showed Officer Draper a cartridge, and told Officer Draper that there was marijuana inside the cartridge. Officer Draper then asked if there were any other drugs or firearms in the vehicle. E. PEREZ told Officer Draper "I'm going to be honest with you." E. PEREZ told Officer Draper there was a Glock 26 handgun in the vehicle and began to reach for a backpack. Officer Draper told E. PEREZ not to reach for anything and to exit the vehicle.

11. E. PEREZ was detained in handcuffs. E. PEREZ told the Officer that the gun was a Glock 26 and that it was not registered. E. PEREZ then stated, "I know I'm going to jail" and "I'm a a felon." E. PEREZ said the marijuana items were "medical" for his wife. Officer Draper asked E. PEREZ if Officer Draper could remove everything from his pockets and E. PEREZ said "yes." Officer Draper removed U.S. currency, two cell phones, a small glass jar with processed marijuana, and multiple packages containing vaporizer cartridges from E. PEREZ's pockets.

12. Officer Draper opened the backpack on the passenger side floor board of the pickup and located a black semi-automatic handgun in the large compartment of the backpack. Officer Draper noticed boxes similar to those E. PEREZ initially showed him along the passenger side floorboard, as well as more marijuana and marijuana edibles. Officer Draper examined the firearm and noted it was a 9mm Glock 26 semi-automatic handgun, serial number BCXZ994. Officer Draper located seven (7) unspent 9mm cartridges loaded into the magazine in the firearm. A records check also showed the firearm was reported stolen out of Glenn County in March of 2018.

13. E. PEREZ was arrested on state charges felon in possession of a stolen firearm, being a prohibited person in possession of ammunition, failure to stop, receiving known stolen property, sell or transport marijuana/hashish, and possession of marijuana/hashish for sale.

14. On Friday May 31, 2019, your affiant contacted ATF Special Agent Matt Garrett in regards to the interstate nexus aspect of this investigation. SA Garrett advised your affiant that Glock firearms are manufactured in the state of Georgia, USA and in Austria, but not in California.

15. On Friday May 31, 2019, your affiant reviewed the criminal history for E. Perez and determined that he has been convicted of the following felonies:
    1) In 2006 E. PEREZ was convicted of a felony violation of Cal. Penal Code §12020(A) Possession/MFG/SELL Dangerous Weapon-Convicted (Felony), and was sentenced to 2 years in custody.
    2) In 2010 E. PEREZ was convicted of felony violation of Cal. Penal Code §12021(A)(1) Felon in possession of firearm, and Cal. Penal Code §12316(B)(1) Felon in possession of ammunition and was sentenced to 16 months in custody.
    3) In 2010 E. PEREZ was convicted of a felony violation of Cal. Penal Code §459 Burglary, and was sentenced to 3 years of probation, and 180 days county jail.

## REQUEST TO SEAL

16. This Affidavit contains information regarding a potential target, which if unsealed may jeopardize the very information sought to be gained by this search warrant. In light of the on-going nature of the investigation, and the likelihood that notice to above-identified individuals may cause them to destroy evidence, flee from prosecution, and notify confederates, your Affiant requests that this Affidavit and the resulting Arrest Warrant be sealed on the Court's docketing system, with the exception of copies utilized by law enforcement officers participating in the investigation This Affidavit and the accompanying Complaint and Arrest Warrant will be unsealed upon the arrest of PEREZ.

17. I further request that the service of the requested arrest warrant be authorized at any time of the day or night, as I believe, based on my training and experience, that methamphetamine traffickers often operate during the hours of darkness. Furthermore, at this time of year, the sun rises at approximately 5:45 a.m., and execution of the search warrant during daylight hours increases risk of physical harm to the law enforcement officers executing the warrant. This risk is exacerbated in this case, given the propensity for violence and criminal histories of the targets. Law enforcement does not intend to execute the search warrant any earlier than 5:00 a.m. PT.

## CONCLUSION

18. I hereby request that a complaint and arrest warrant be issued for ERICK PEREZ, for a violation of 18 U.S.C. § 922(g), felon in possession of a firearm on or about December 22, 2018.

I swear, under the penalty of perjury, that the foregoing information is true and correct to the best of my knowledge, information, and belief.

CHRISTOPHER BENCKEN
FBI Special Agent

Sworn and Subscribed to me on June 3, 2019,

Hon. Dennis M. Cota
United States Magistrate Judge

Approved as to form:

Vincenza Rabenn
Assistant United States Attorney