# UNITED STATES DISTRICT COURT
## Eastern District of California

## Petition For Warrant or Summons For Offender Under Supervision

**Name of Offender:**   Erick Steven Perez          **Docket Number:**   0972 2:19CR00105-001

**Name of Judicial Officer**:   United States District Judge Troy L. Nunley

**Date of Original Sentence:**   1/7/2021

**Original Offense:** 18 U.S.C. § 922(g) Felon in Possession of Firearm  Class C Felony

**Original Sentence:** Time Served; 36 months of Supervised Release; Mandatory drug testing; DNA collection; $100 Special Assessment.

**Special Conditions:**

1. Warrantless Search
2. Drug/Alcohol Treatment
3. Drug/Alcohol Testing
4. Mental Health Treatment
5. Aftercare Co-payment
6. Gang Associations
7. Location Monitoring

**Type of Supervision:**   TSR

**Date Supervision Commenced:**   1/7/2021

**Other Court Actions: None**

---

### PETITIONING THE COURT

☒ **OTHER:**   This petition is being filed to replace the emergency no-bail arrest warrant issued by the Honorable Kendall J. Newman on April 1, 2021. Once the offender has resolved his local court case, he will be brought before the Magistrate Court and arraigned on this petition.

Page **1** of **7**

PROB 12C
(07/13)

RE: **Erick Steven Perez**                                  **Docket Number: 0972 2:19CR00105**

The probation officer alleges the offender has violated the following conditions(s) of supervision:

**Charge Number**        **Nature of Violation**

**Charge 1:**    **NEW LAW VIOLATION**

On April 1, 2021, Erick Perez was arrested by officers from the Orland Police Department after being found in possession of two loaded Glock handguns. This is in violation of the mandatory condition, which states, *"You must not commit another federal, state, or local crime."*

**Charge 2:**    **NEW LAW VIOLATION**

On April 1, 2021, Erick Perez was arrested by officers from the Orland Police Department and Glenn County Narcotics Team after being found in possession of a small amount of methamphetamine and an estimated 50 suspected oxycodone pills. This is in violation of the mandatory condition, which states, *"You must not commit another federal, state, or local crime."*

**Justification:**  On January 7, 2021, Erick Perez was before Your Honor and sentenced to Time Served, followed by 36 months of supervised release, after he admitted violating 18 U.S.C. § 922(g): Felon in Possession of a Firearm.

Following his release from custody on January 7, 2021, Mr. Perez returned home to his wife in Orland, California. He was unemployed and supported by his wife's disability income. In late March 2021, Senior United States Probation Officer Garey White received information from various sources claiming Mr. Perez was out of compliance with the conditions of his supervised release. On April 1, 2021, officers from various local jurisdictions, as well as the Federal Bureau of Investigations, assisted the United States Probation Office in conducting a search of Mr. Perez's residence. During the search, two loaded Glock handguns were discovered in a dresser drawer, a small amount of methamphetamine and an estimated 50 suspected oxycodone pills were in a backpack. Upon questioning, Mr. Perez admitted possession of all illegal items. He was subsequently arrested and booked into the Glenn County Jail, where he remains.

Following the offender's arrest, Deputy Chief United States Probation Officer Sarah R. Johnson submitted an emergency warrant request to the Honorable Kendall J. Newman. After review, a no-bail arrest warrant was issued (document 39) and filed with the Court. This petition seeks to replace the emergency warrant, as it provides further information as to the nature and circumstances of Mr. Perez's alleged violation conduct.

**Detention:**  Mr. Perez is alleged to have been in possession of two loaded firearms, as well as methamphetamine and oxycodone pills. In addition, he was placed on supervised release only three months ago following a conviction for being a felon in possession of a firearm. In light of this, it is believed he is a danger to the community and should remain detained throughout all court proceedings.

RE: **Erick Steven Perez**                                    Docket Number: 0972 2:19CR00105

**I declare under penalty of perjury that the following is true and correct.**

**EXECUTED ON:**   April 3, 2021
                   Sacramento, California

Respectfully submitted,

*/s/ Garey R. White*

**Garey R. White**
**Senior United States Probation Officer**
Telephone: (916) 930-4315

**DATED:**   4/3/2021

Reviewed by,

*/s/ Sarah R. Johnson*

**Sarah R. Johnson**
**Deputy Chief United States Probation Officer**

RE: **Erick Steven Perez**                                    Docket Number: 0972 2:19CR00105

**THE COURT FINDS PROBABLE CAUSE AND ORDERS:**

☐ The issuance of a warrant.

☐ The issuance of a summons.

☒ **Other:** This petition is being filed to replace the emergency no-bail warrant issued by the Honorable Kendall J. Newman on April 1, 2021. Once the offender has resolved his local court case, he will be brought before the Magistrate Court and arraigned on this petition.

**FURTHER PROCEEDINGS REGARDING CUSTODY:**

☐ Defendant is ordered detained, to be brought before District Judge forthwith.

☒ Initial appearance and detention hearing before Magistrate Judge.

**DATED:** April 6, 2021

_____
Troy L. Nunley
United States District Judge

CC:

United States Probation

Assistant United States Attorney: Vincenza Rabenn

United States Marshal Service

RE: **Erick Steven Perez**                                    **Docket Number:** 0972 2:19CR00105

# STATEMENT OF EVIDENCE OF ALLEGED SUPERVISED RELEASE VIOLATIONS

Honorable Troy L. Nunley
United States District Judge
Sacramento, California

                                                RE:    Perez, Erick Steven
                                                        **Docket Number:** 0972 2:19CR00105

Your Honor:

In addition to a copy of the **Acknowledgment of Conditions of Probation or Supervised Release and Receipt of Criminal Judgment and Judgment and Commitment Order,** the following evidence and/or testimony will be offered to support the probation officer's allegation that the above-named releasee is in violation of the conditions of supervision as stated on the attached Probation Form 12C - Petition for Warrant or Summons for Offender Under Supervision.

**Charge 1:**    **NEW LAW VIOLATION**

    a. **Evidence:**

        i. Orland Police Department report number 21-0221.

    b. **Witnesses:**

        i. Officers from the Orland Police Department will testify as to the contents of their report.

**Charge 2:**    **NEW LAW VIOLATION**

    a. **Evidence:**

        i. Glenn County Narcotics Task Force report number GN21-0014

    b. **Witnesses:**

        i. Deputies from the Glenn County Narcotics Task Force will testify as to the contents of their report.

RE: **Erick Steven Perez**  **Docket Number: 0972 2:19CR00105**

Respectfully submitted,

*/s/ Garey White/*

**Garey R. White**
**Senior United States Probation Officer**
Telephone: (916) 930-4315

**DATED:** 4/3/2021
Sacramento, California

Reviewed by,

*/s/ Sarah R. Johnson/*

**Sarah R. Johnson**
**Deputy Chief United States Probation Officer**

RE: **Erick Steven Perez**                                          **Docket Number:** 0972 2:19CR00105

# REVOCATION GUIDE – SUPERVISED RELEASE

| | | | |
|---|---|---|---|
| **Name of Offender:** | Erick Steven Perez | **Docket Number:** | 0972 2:19CR00105 |
| **Date of Original Offense:** | 12/22/2018 | | |

**Original term of supervised release imposed:** 3 **years**

**Highest grade of violation alleged:** B

**Criminal History Category of offender:** IV

**Chapter 7 range of imprisonment:** 12 **to** 18 **months.**

**Maximum term on revocation - 18 USC 3583(e)(3):**

☒     **Class C and/or D felony - 2 years**

**Violation requires mandatory revocation:  YES:** ☒    **NO:** ☐

**Original offense committed on or after 04/30/2003**:  Court may sentence up to the statutory maximum term of supervised release applicable to the original offense of conviction, but not exceed the maximum for the classes of offenses noted above.  There is no adjustment for prison time imposed for any previous revocation of the term of supervised release. The Court must consider but is not bound by Chapter 7 ranges.  Upon revocation, the Court may re-impose supervised release; however, the term is limited to the statutory maximum authorized under Title 18 USC 3583(e)(3) for the original offense of conviction, less the current term of imprisonment imposed upon revocation, and all prior terms of imprisonment imposed upon previous revocations.

## MANDATORY REVOCATION ISSUES

**Original offense committed after 09/13/94:**  Title 18 USC 3583 instructs that supervision shall be revoked upon a finding of:  1) Possession of a controlled substance; 2) Possession of a firearm; or, 3) Refusal to comply with mandatory drug testing.  If the violation involves the use of a controlled substance, the Court has the discretion to find that "use" constitutes "possession."

**Positive/Failed Drug Tests after 11/02/2002:**  Title 18 USC 3583(g) amended and instructs that supervision be revoked for:  Testing positive for illegal controlled substances more than three times over the course of one year.